IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFONSO MONTEMAYOR, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-1885-G |
| v. | § | 3:06-CR-0249-G |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to: (1) possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two), and (2) carrying a firearm during and in furtherance of a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (Count Three). On May 22, 2007, the district court sentenced Petitioner to 135 months on Count Two and 60 months on Count Three, to run consecutively. He did not file an appeal.

On June 23, 2016, Petitioner filed the instant § 2255 petition. He argues his section 924(c) sentence is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On August 17, 2016, the government filed its response. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II. Discussion

In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as conduct "that presents a serious potential risk of injury to another." Petitioner's sentence, however, was not increased under the ACCA's residual clause—the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather, Petitioner was sentenced under 18 U.S.C. § 924(c) to a consecutive 60-month term of imprisonment for using and carrying a firearm in furtherance of a drug trafficking crime. His conviction did not involve the definition of a "violent felony" or "crime of violence," but instead was based on the enumerated drug trafficking offense. The *Johnson* decision therefore had no impact on his sentence, and his petition should be denied.

## III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).